# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### APRIL SESSION, 1998

FILED

May 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02C01-9708-CC-00298 |
|    Appellee | ) | |
| | ) | HENRY COUNTY |
| vs. | ) | |
| | ) | Hon. JULIAN P. GUINN, Judge |
| LUTHER EARL McCUTCHEON, | ) | |
| | ) | (Sale of cocaine over one- |
| Appellant | ) | half gram) |

For the Appellant:

**Donald E. Parish**
Ivey, Parish & Johns
12880 East Paris Street
P. O. Box 229
Huntingdon, TN  38344

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Peter M. Coughlan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Robert "Gus" Radford**
District Attorney General
P. O. Box 686
Huntingdon, TN  38344

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

**OPINION**

The appellant, Luther Earl McCutcheon, was indicted by the Henry County Grand Jury in a four count indictment, charging him with two counts of a class B felony sale of cocaine and two alternative counts of a class B felony delivery of cocaine. The two offenses for sale of cocaine and the accompanying alternative counts for delivery were severed and, following a jury trial, the appellant was found not guilty of sale and delivery of cocaine. The appellant subsequently pled guilty to the remaining count of sale of cocaine over one-half gram and, pursuant to a plea agreement, received an eight year sentence with the manner of service of the sentence to be determined by the trial court. At the sentencing hearing, the trial court imposed a split confinement sentence, requiring the appellant to serve continuous confinement of one year in the county jail, followed by supervised probation for the remainder of the sentence. The appellant appeals this sentencing determination contending that the trial court erred in denying him a non- incarcerative community corrections sentence. After review, we affirm.

A sentencing hearing was scheduled for April 9, 1997. At the hearing, no testimony was presented by the appellant or by the State. The appellant relied upon a sentencing memorandum previously filed and the pre-sentence report. Additionally, we note that the transcript of the guilty plea hearing was not included in the record, therefore, we are precluded from a review of the nature and circumstances of the offense.[1] In denying a non-incarcerative sentence, the trial court noted:

> [T]his Court finds as its reasons for not granting a total suspended sentence or a complete commission to Community Corrections for the entire period the following reasons. The circumstances of this offense. This man knowingly and intentionally placed himself directly in the middle of an ongoing dope operation and voluntarily participated. Total suspension would not be in the best interest of justice, it would not be in the best interest of this defendant, and it certainly wouldn't be in the best interest of the public.

> I have considered the deterrent effect, perhaps more so in this case than other cases of a like nature, because of the peculiar circumstances of the case. Lastly, I am of the opinion that confinement is necessary to avoid deprecating the seriousness of the offense.

---

[1] If the appellate record is inadequate, the reviewing court must presume that the trial judge ruled correctly. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn.Crim.App. 1993).

2

Review by this court, of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the sentencing court is correct. Tenn. Code Ann. § 40-35-401(d)(1990). This presumption only applies, however, if the record demonstrates that the sentencing court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the case before us, the record reflects that the sentencing court considered relevant sentencing principles; thus, the presumption applies. The burden is on the appellant to show that the sentence imposed was improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

The appellant argues on appeal that the facts of this case are analogous to those in State v. Ashby, 823 S.W.2d at 166. However, such a comparison is misplaced. The defendant in Ashby was convicted of a class C felony and, therefore, was entitled to the presumption of an alternative sentence. The appellant in this case was convicted of a class B felony and, thus, was not entitled to the presumption of an alternative sentence. Moreover, in Ashby the trial court imposed a penitentiary sentence. In this case, the trial court granted an alternative sentence.

We conclude that the appellant has failed in his burden of establishing that the sentence imposed by the trial court is incorrect. Finding no error of law requiring reversal, we affirm the judgment of the trial court in accordance with Rule 20, Tenn. Ct. Crim. App.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
WILLIAM M. BARKER, Judge


_____
JOE G. RILEY, Judge